PROB 12C
(6/16)

Report Date: October 21, 2020

# United States District Court

**for the**

**Eastern District of Washington**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 22, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Christopher Albert Brotherton         Case Number: 0980 2:12CR06036-EFS-1

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: June 26, 2013

Original Offense:         Felon in Possession of a Firearm and Ammunition, 18 U.S.C. § 922(g)(1)

Original Sentence:        Prison - 92 months         Type of Supervision: Supervised Release
                          TSR - 48 months

Revocation Sentence:      Prison - 2 months
(January 10, 2019)        TSR - 46 months

Revocation Sentence:      Prison - Time Served
(July 30, 2019)           TSR - 42 months

Asst. U.S. Attorney:      David Herzog                Date Supervision Commenced: July 31, 2019

Defense Attorney:         Alex B. Hernandez III       Date Supervision Expires: January 30, 2023

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **Special Condition #5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: The offender is alleged to have violated special condition number 5, by ingesting controlled substances, methamphetamine and marijuana, on or about September 30, and October 2, 2020.<br><br>On September 27, 2019, the offender's conditions were reviewed and he signed said conditions acknowledging an understanding of his requirements. Specifically, he was made aware by the U.S. probation officer that he must abstain from the use of illegal controlled substances. |

Prob12C
Re: Brotherton, Christopher Albert
October 21, 2020
Page 2

On September 30, 2020, Mr. Brotherton reported to Pioneer Human Services to submit to urinalysis testing. The urine specimen provided by the offender returned presumptive positive for marijuana and methamphetamine. Subsequently, he signed an admission form acknowledging use of both substances on or about September 28, 2020.

On October 2, 2020, Mr. Brotherton reported to Pioneer Human Services to submit to urinalysis testing. The urine specimen provided by the offender returned presumptive positive for marijuana and methamphetamine. On this same date, he signed an admission form acknowledging use of both substances on September 28 or September 29, 2020.

| | |
|---|---|
| 2 | **Special Condition #4**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider. |

**Supporting Evidence**: The offender is alleged to have violated special condition number 4, by failing to attend his substance abuse treatment sessions in their entirety on October 12, 13, 19, and 20, 2020.

On September 27, 2019, the offender's conditions were reviewed and he signed said conditions acknowledging an understanding of his requirements. Specifically, he was made aware by the U.S. probation officer that he must comply with the requirements of his substance abuse program.

On October 13, 2020, the probation officer received notification from Pioneer Human Services indicating the offender was present for his required virtual group treatment session on October 12, 2020; however, he became unresponsive and was removed from the group. When questioned by this officer, he stated that his phone died and he was unable to rejoin the session.

On October 14, 2020, the probation officer received notification from Pioneer Human Services indicating the offender was present for his required virtual group treatment session on October 13, 2020; however, he was disconnected and was unable to reconnect to the session. When questioned by this officer, he stated he had problems with his Internet due to a windstorm.

On October 20, 2020, the probation officer received notification from Pioneer Human Services indicating the offender was present for his required virtual group treatment session on October 19, 2020; however, he became unresponsive and was removed from the group. When questioned regarding his absence from the group, he stated he had gone to use the restroom.

On October 21, 2020, the probation officer received notification from Pioneer Human Services indicating the offender was present for his required virtual group treatment session on October 20, 2020; however, he disconnected from the session and was unable to reconnect. When questioned by this officer, he stated that he was disconnected from the call when he dropped his phone and was unable to reconnect to the session.

Prob12C
**Re: Brotherton, Christopher Albert**
**October 21, 2020**
**Page 3**

      3      **Special Condition #5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

            **Supporting Evidence**: The offender is alleged to have violated special condition number 5, by failing to report to Pioneer Human Services for urinalysis testing on September 11, and September 22, 2020.

            On September 27, 2019, the offender's conditions were reviewed and he signed said conditions acknowledging an understanding of his requirements. Specifically, he was made aware by the U.S. probation officer, that he must submit to urinalysis and sweat patch testing, as directed by the supervising officer.

            The probation officer received email notification from Pioneer Human Services indicating the offender failed to report for urinalysis testing as directed on September 11, and September 22, 2020.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 21, 2020

s/Lori Cross

Lori Cross
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

*Edward F. Shea* (signature)

Signature of Judicial Officer

October 22, 2020

Date